1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10

11   MISSION CAPITAL WORKS, INC., a          )   Case No. 09-CV-1623-WQH (JMA)
     Washington corporation,                 )
12                                            )   **ORDER GRANTING IN PART**
                       Plaintiff,            )   **PLAINTIFF'S MOTION FOR ORDER**
13                                            )   **COMPELLING PRODUCTION OF**
     v.                                       )   **DOCUMENTS AND WRITTEN**
14                                            )   **RESPONSES TO**
     SC RESTAURANTS, INC., RICHARD            )   **INTERROGATORIES, WAIVING**
15   SANG; RICHIE SANG; and BROOKES           )   **OBJECTIONS AND AWARDING**
     SANG,                                    )   **SANCTIONS [Docs. 1, 3]**
16                                            )
                       Defendants.           )
17   _____        )

18

19        Plaintiff Mission Capital Works, Inc. ("Plaintiff") has filed a motion for order

20   compelling production of documents and written responses to interrogatories, waiving

21   objections and awarding sanctions. Defendants SC Restaurants, Inc., Richard Sang,

22   Richie Sang, and Brookes Sang ("Defendants") did not file an opposition. For the

23   reasons set forth below, Plaintiff's Motion is **GRANTED IN PART**.

24   **I.    BACKGROUND**

25        On March 9, 2009, the United States District Court for the Western District of

26   Washington entered a default judgment of $1,578,814.26 in Plaintiff's favor against

27   Defendants. (Pl.'s Mem., Ex. 1.) Plaintiff registered the judgment in the Southern District

28

1  of California on April 20, 2009 pursuant to 28 U.S.C. 1963.[1] *Id.* As of July 22, 2009,

2  Defendants had not made any payments on the judgment. (Pl.'s Mem. at 2.) Plaintiff

3  served each of the defendants with post-judgment interrogatories and document

4  requests on May 27, 2009. *(Id.* & Exs. 8-13.) The deadline for Defendants to answer the

5  interrogatories and respond to the document requests passed with no response.

6  (Sampson Decl., ¶ 23.) Plaintiff's counsel sent each Defendant a meet and confer letter

7  on July 6, 2009. (*Id.,* ¶ 24 & Pl.'s Mem., Exs.14-16.) He received no response to the

8  letters, filed the instant motion on July 27, 2009, and, at the Court's direction, filed and

9  served an amended notice of motion and motion on August 17, 2009. (Sampson Decl. ¶

10  25; Docs. 1, 3.) The Court subsequently requested a supplemental declaration from

11  Plaintiff's counsel to address inquiries the Court had regarding service of documents

12  upon Defendants. Plaintiff's counsel filed the supplemental declaration on November 24,

13  2009. (Doc. 6).

14  **II.     LEGAL STANDARDS AND DISCUSSION**

15       **1.       Plaintiff has the right to conduct reasonable post-judgment
               discovery to aid in executing its judgment against Defendants.**

16

17       In an action to aid the execution of a money judgment, a judgment creditor may

18  take discovery "from any person—including the judgment debtor" as the Federal Rules

19  of Civil Procedure allow "or by the procedure of the state where the court is located."

20  Fed. R. Civ. P. 69(b). Fed. R. Civ. P. 33(a) allows a party to serve interrogatories, and

21  Fed. R. Civ. P. 34(a) allows a party to serve document requests. California law also

22  allows a judgment creditor to propound written interrogatories and document requests

23  upon a judgment debtor "to aid in enforcement of the money judgment." Cal. Code Civ.

24

25       [1] 28 U.S.C. 1963 reads:

26       A judgment in an action for the recovery of money or property entered in any court of
         appeals, district court...may be registered by filing a certified copy of the judgment in
27       any other district...when the judgment has become final by appeal or expiration of the
         time for appeal... A judgment so registered shall have the same effect as a judgment of
28       the district court of the district where registered and may be enforced in like manner.

09cv1623

1  Proc. §§ 708.020, 708.030. The judgment creditor "is entitled to a very thorough

2  examination of the judgment debtor." *Credit Lyonnais, S.A. v. SGC Intern., Inc.*, 160

3  F.3d 428, 430 (8th Cir. 1998) (quoting *Caisson Corp v. County West Bldg. Corp.*, 62

4  F.R.D. 331, 335 (E.D. Pa. 1974)). "[T]he presumption should be in favor of full discovery

5  of any matters arguably related to [the judgment creditor's] efforts to trace [the judgment

6  debtor's] assets and otherwise to enforce its judgment." *Credit Lyonnais,* 160 F.3d at

7  431*.*

8  Here, among the information the interrogatories seek is information regarding

9  real and personal property the individual Defendants own, Defendants' employment

10  over the last ten years, other sources of income during the last ten years, and "all

11  intellectual property rights," securities, insurance, memberships, and accounts

12  receivable that Defendants hold. (Pl.'s Mem., Exs. 2, 5, & 8 at 3-4, 6-8.) Among the

13  documents Plaintiff seeks are trusts, stock certificates, real property deeds,

14  "inventor[ies] of personal property," "statements from all financial institutions," "savings

15  account information," all 1099 and W-2 forms for the past five years, and corporate or

16  partnership records that indicate money "to be paid to" each defendant "for... services."

17  (*Id.*, Exs. 3, 6, & 9 at 4-7.) The Court finds that the information Plaintiff seeks is related

18  to its efforts to trace the defendants' assets and otherwise to enforce its judgment, and

19  thus that its discovery is appropriate. *See, e.g., Credit Lyonnaise*, 160 F.3d at 431.

20  **2.      Service was adequate as to each of the individual defendants but not as to Defendant SC Restaurants, Inc.**

21

22  The Court previously observed that Defendants' addresses as set forth on the

23  May 27, 2009 proofs of service, the July 6, 2009 meet and confer letters, and the July

24  22, 2009 and August 17, 2009 proofs of service contained various inconsistencies. In

25  his supplemental declaration, Plaintiff's counsel explained that he obtained the

26  addresses on the proofs of service dated May 27, 2009, which accompanied the

27  interrogatories and document requests from Plaintiff's Washington counsel, who

28  represented that the addresses were current as to each Defendant as of May 2009.

09cv1623

1   (Sampson Supp. Decl., ¶ 4.) Plaintiff's counsel states that the interrogatories and

2   document requests were not returned to him and thus he assumes each Defendant

3   received them. (*Id.,* ¶ 5.)

4          After his retention to assist Plaintiff in the enforcement of the Washington

5   judgment, Plaintiff's counsel hired an investigator to find Defendants and their potential

6   assets and liabilities. (*Id.,* ¶ 7.) He also commenced an internal public records search to

7   obtain additional information regarding each Defendant. (*Id.*) These various

8   investigations yielded the addresses set forth on the July 6, 2009 meet and confer

9   letters and, according to Plaintiff's counsel, constitute the last known address of each

10  individual defendant. (*Id.,* ¶ 8.) The declaration also indicates the letters were not

11  returned. (*Id.*) The addresses on the meet and confer letters for each individual

12  defendant are identical to the addresses on the proofs of service for the instant motion

13  and amended notice of motion. Thus, the Court concludes that service upon each of the

14  individual defendants complied with Fed R. Civ. P. 5, which requires documents that are

15  served by mail to be sent to a person's last known address. *See* Fed. R. Civ. P.

16  5(b)(2)(C). With respect to Defendant SC Restaurants, Inc., however, the declaration

17  establishes the inability of Plaintiff's counsel to find its current address, and indicates

18  that mail sent to its last known address was returned. (Sampson Supp. Decl., ¶ 9.)

19  Thus, Plaintiff's counsel acknowledges that "the motion should proceed [only] against

20  the individual defendants," not SC Restaurants, Inc. (*Id.*) Plaintiff's motion is accordingly

21  **DENIED** as to SC Restaurants, Inc.

22          **3.      The individual defendants have waived all objections to the
                       discovery served.**
23

24          As part of its motion, Plaintiff asks the Court to waive any objections

25  Defendants may assert to the interrogatories and document requests. "It is well

26  established that a failure to object to discovery requests within the time frame required

27  constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*,

28  959 F.2d 1468, 1473 (9th Cir. 1992) (citing *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th

1    Cir. 1981)). *See also* Cal. Code Civ. Proc. §§ 2030.290(a) and 2031.300(a) (providing

2    that the failure of a party to serve a timely response to interrogatories or document

3    requests "waives any objection to the [discovery], including one based on privilege or on

4    the protection for work product..."). The Court accordingly finds that the individual

5    defendants have waived all objections to the interrogatories and document requests

6    through their complete failure to respond.

7             **4.      Plaintiff's request for sanctions**

8             Plaintiff seeks an award of sanctions resulting from the individual defendants'

9    failure to provide any response to Plaintiff's discovery requests. (Pl.'s Mem. at 4.) Fed

10   R. Civ. P. 37(d)(1)(ii) provides, "[T]he court where the action is pending may, on motion,

11   order sanctions if:...a party, after being properly served with interrogatories under Rule

12   33 or a request for inspection under Rule 34, fails to serve its answers, objections, or

13   written response." "[T]he court must require the party failing to act...to pay the reason-

14   able expenses, including attorney's fees, caused by the failure, unless the failure was

15   substantially justified or other circumstances make an award of expenses unjust." Fed.

16   R. Civ. P. 37(d)(3). *See also* Fed. R. Civ. P. 37(a)(5)(A) (If the court grants a motion to

17   compel, unless certain exceptions apply, "[t]he court must, after giving an opportunity to

18   be heard, require the party or deponent whose conduct necessitated the motion...to pay

19   the movant's reasonable expenses incurred in making the motion, including attorney's

20   fees.").

21            The Eastern District of California recently considered whether to sanction

22   defendants for failing to answer the plaintiff's post-judgment interrogatories and

23   production requests. *Wordtech Systems, Inc. v. Integrated Network Solutions, Inc.*,

24   2009 WL 3126409 *1, *3 (E.D. Cal. Sept. 24, 2009). There, as in this case, the

25   defendants totally failed to respond to interrogatories and production requests. *Id.* The

26   court determined that the defendants' change of counsel did not substantially justify the

27   complete failure to respond to the interrogatories and production requests when the

28   plaintiff had properly served counsel of record at the time of service, and awarded

09cv1623

1   attorney's fees as a discovery sanction for failure to respond to the discovery requests.

2   *Id.*

3       The defendants in *Wordtech* at least provided some reason, albeit an

4   insufficient reason, to attempt to substantially justify not responding to the post-

5   judgment interrogatories or document requests. *Id.* In this case, the individual

6   defendants have provided no explanation for their failure to respond to Plaintiff's

7   discovery. The Court concludes that no substantial justification or other circumstances

8   exist that would render sanctions unjust.

9       Plaintiff seeks an award of $1,440.00[2] in attorney's fees for 3.6 hours of attorney

10  time at $400 per hour. Plaintiff estimated that .9 hours would be spent attending a

11  hearing on this motion. The Court, however, did not hold a hearing on this motion. The

12  remaining 2.7 hours sought by Plaintiff are reasonable. The Court accordingly awards

13  $1,080.00 of attorney's fees to Plaintiff.

14  **III.    CONCLUSION**

15      For the reasons set forth above, Plaintiff's motion for an order compelling

16  production of documents and written responses to interrogatories, waiving objections

17  and awarding sanctions is **GRANTED IN PART**. Defendants Richard Sang, Richie

18  Sang, and Brookes Sang shall respond to Plaintiff's discovery requests without

19  objection within thirty (30) days of the date of this order.[3] These defendants shall also

20

21      [2] The Sampson declaration, motion, and amended motion all request $1,400 for
    attorney's fees. (Docs. 1, 3; Sampson Decl., ¶ 29.) However, 3.6 x $400=$1,440. The Court
22  has used this calculation in determining the amount of attorney's fees awarded to Plaintiff.

23      [3] The Clerk of Court is directed to serve this order upon these defendants at the
    following addresses:
24

25  Richard J.K. Sang
    PO Box 617
26  Rancho Santa Fe, CA 92067

27  Richard W. Sang
    130 W. Guadalupe Road
28  Gilbert, AZ 85233

1  pay the sum of $1080.00 directly to Plaintiff's counsel within thirty (30) days. The motion

2  is **DENIED** as to Defendant SC Restaurants, Inc.

3      The Clerk shall close the court file.

4      **IT IS SO ORDERED**.

5  DATED: December 10, 2009

6                                          _____
                                            Jan M. Adler
7                                           U.S. Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27  _____

28  Brookes J.H. Sang
    PO Box 2977
    Palm Springs, CA 92263

7                                                                        09cv1623